AARON M. EDWARDS,

        Plaintiff,

                                      Case No. 26-cv-249-pp

    v.

CITY OF RACINE POLICE DEPARTMENT,
BRANDIES RPD 10501 and JOHN DOE RPD,

        Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT (DKT. NO. 1)

On February 13, 2026, the plaintiff, who is representing himself, filed a complaint alleging that a Racine Police Department officer violated his constitutional rights by arresting him in retaliation for asking for an officer's name and badge number. Dkt. No. 1. Along with the complaint, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order grants that motion and screens the complaint.

## I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is not employed and that his only income is $1,000 a month from Supplemental Security Income. Dkt. No. 2 at 2. He states that he is not married and has two

1

dependents. Id. at 1. The plaintiff reports monthly expenses of $700 for rent and $300 for other household expenses. Id. at 2. According to the request, the plaintiff's only asset is a car worth approximately $3,500. Id. at 3. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee and will grant his motion.

The plaintiff should be aware that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 Fed. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original). When a court grants a motion allowing a person to proceed without prepaying the filing fee, it means only that the person does not have to pay the full filing fee up front; the person still owes the filing fee.

## II.     Screening of Complaint

### A.     Standard for Screening Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on

2

its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

Although the plaintiff does not cite it directly, 42 U.S.C. §1983 is the statute that allows the plaintiff to bring constitutional claims against state actors. To state a claim under §1983, the plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. <u>D.S. v. E. Porter C'nty Sch. Corp.</u>, 799 F.3d 793, 798 (7th Cir. 2015) (citing <u>Buchanan–Moore v. C'nty of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by unrepresented litigants and holds them to a less stringent standard than pleadings drafted by lawyers. <u>Cesal</u>, 851 F.3d at 720 (citing <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    <u>Plaintiff's Allegations</u>

In the caption of the complaint, the plaintiff names as defendants "City of Racine Police Department," "Brandies RPD 10501" and "John Doe RPD" as defendants. Dkt. No. 1 at 1. The allegations in the complaint are brief:

> Defendant acting under color of law violated plaintiff first, fourth, and fourteenth amendment rights. By arresting him in retaliation for asking for name and badge number. By officer Brandies RPD 10501, who refused to produce a warrant or explain why plaintiff brothers personal property was being taken. Plaintiff asked the defendant while at the City of Racine Police Department impound lot why they were in possession of his brothers vehicle. Brandies RPD 10501 became hostile and plaintiff indicated he would be contacting the defendant's supervisor. An hour or so later the grief stricken plaintiff ventured back to his recently departed brother home and observed an unusual vehicle stationed in his brother's

3

driveway, along with the front door open and immediately contacted law enforcement for assistance to determine what unknown party was inside his brother's home. Upon arrival Brandie RPD 10501 approached Plaintiff aggressively, and without warning or lawful justification, grabbed, handcuffed, and arrested Plaintiff.

Dkt. No. 1 at 2-3. As relied, the plaintiff asks for $1,000,000 in compensatory damages and $2,000,000 in punitive damages. Id. at 4.

C.     Analysis

1.     *The Racine Police Department*

Defendants in a federal lawsuit must have the legal capacity to be sued, and the "law of the state where the court is located" determines that capacity for entities that are not individuals or corporations. Fed. R. Civ. P. 17(b). "The federal courts look to state law to determine if a defendant is amenable to suit." DeGenova v. Sheriff of DuPage C'nty, 209 F.3d 973, 976 n.2 (7th Cir. 2000) (citing Fed. R. Civ. P. 17(b)). Under Wisconsin law, the Racine Police Department is an arm of the city of Racine; it is "not a legal entity separable from the [city] government which it serves," and therefore is not subject to suit under §1983. Whiting v. Marathon C'nty Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004) (citing Buchanan v. Kenosha, 57 F.Supp.2d 675, 678 (E.D. Wis.1999)); see also Best v. City of Portland, 554 F.3d 698, 698 n.* (7th Cir. 2009) ("a police department is not a suable entity under § 1983") (citing Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir. 1997) and West v. Waymire, 114 F.3d 646, 646–47 (7th Cir. 1997)). The court must dismiss the Racine Police Department as a defendant because it is not a "suable entity" under §1983.

Although the plaintiff did not name it as a defendant, the plaintiff also has not stated a claim against the City of Racine itself. Section 1983 allows a plaintiff to sue a "person" who violates his civil rights while acting under color of state law. 42 U.S.C. §1983. There are some circumstances where a

municipality is treated as a "person" under §1983 and may be held directly liable for its own constitutional violations against individuals. <u>Monell v. Dep't of Social Services of City of New York</u>, 436 U.S. 658, 690–91 (1978). However, "[m]unicipalities . . . are not vicariously liable for the constitutional torts of their employees or agents." <u>Stockton v. Milwaukee C'nty</u>, 44 F.4th 605, 617 (7th Cir. 2022) (citing <u>Monell</u>, 436 U.S. at 691–94). The plaintiff's complaint makes no allegation that would give rise to <u>Monell</u> liability: he does not allege that his constitutional rights were violated due to a widespread municipal policy, custom or action by a decisionmaker, nor does he show deliberate indifference or causation. The court will dismiss the Racine Police Department as a defendant.

### 2. *Plaintiff's §1983 Claim Against Officer Brandies*

The plaintiff has sued two individual defendants: Brandies RPD 10501 and John Doe RPD. Dkt. No. 1 at 1. The only defendant against whom he makes any allegations, however, is Brandies RPD 10501. Because the plaintiff has not made any allegations against any other officer, the court will dismiss John Doe RPD as a defendant. That leaves Brandies RPD 10501.

As best the court can tell, the plaintiff alleges that the plaintiff was at the City of Racine's impound lot. He encountered Brandies, and asked Brandies why "they" had the plaintiff's deceased brother's vehicle. The plaintiff alleges that Brandies became hostile. The plaintiff responded by saying that he'd contact "the defendant's"—presumably Brandies's—supervisor. So far, these allegations do not implicate any of the plaintiff's constitutional rights.

The plaintiff next says that an hour or so later, he went to his deceased brother's house. He saw an "unusual" car in the driveway and observed that the front door was open. He contacted law enforcement, and Brandies

5

appeared. The plaintiff says that at this point, Brandies approached him in an aggressive manner, grabbed him, handcuffed him and arrested him. Earlier in the complaint, the plaintiff alleges that "Defendant" arrested him in retaliation for the plaintiff asking "for name and badge number." The court assumes from the context that "Defendant" is Brandies.

As explained above, the plaintiff must show that someone deprived him of a constitutional right and that whoever deprived him of that right was acting under the color of state law. D.S., 799 F.3d at 798. "A public employee's acts occur under color of state law when they relate to official duties." Luce v. Town of Campbell, Wis., 872 F.3d 512, 514 (7th Cir. 2017) (citing Gibson v. Chicago, 910 F.2d 1510, 1516 (7th Cir. 1990); Hughes v. Meyer, 880 F.2d 967, 971–72 (7th Cir. 1989)). The court assumes for the purposes of screening that all of Brandies's alleged actions were taken under color of state law.

The plaintiff alleges that "Defendant"—presumably Brandies—violated his First, Fourth and Fourteenth Amendment rights. Dkt. No. 1 at 2. The First Amendment generally "'prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." Nieves v. Bartlett, 587 U.S. 391, 398 (2019) (quoting Hartman v. Moore, 547 U.S. 250, 256 (2006)).

> To prevail on a First Amendment retaliation claim, a plaintiff must establish three elements. First, he must show he engaged in protected First Amendment activity. Second, he must show an adverse action was taken against him. Third, he must show his protected conduct was at least a motivating factor of the adverse action. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

Holleman v. Zatecky, 951 F.3d 873, 878 (7th Cir. 2020).

The plaintiff claims that Brandies arrested him in retaliation for the plaintiff asking Brandies for his name and badge number. Dkt. No. 1 at 2. He

also alleges that he told Brandies that he would contact Brandies's supervisor. Id. at 3. These statements arguably are protected speech.[1] See Chiles v. Salazar, 146 S. Ct. 1010, 1023 (2026) ("While the First Amendment protects many and varied forms of expression, the spoken word is perhaps the quintessential form of protected speech."). The plaintiff's allegation that he was arrested in retaliation satisfies the adverse action element. See Surita v. Hyde, 665 F.3d 860, 878 (7th Cir. 2011) (an adverse action is one that is "likely [to] deter a person of ordinary firmness from continuing to engage in protected activity"). The last element, causation, is less clear. To state a First Amendment claim, the plaintiff must plausibly allege that the "protected speech was a motivating factor in the deprivation[.]" Harnishfeger v. United States, 943 F.3d 1105, 1112–13 (7th Cir. 2019). A plaintiff can use direct and circumstantial evidence to allege that motivation, including "suspicious timing, ambiguous oral or written statements, or behavior towards or comments directed at other [people] in the protected group." Kidwell v. Eisenhauer, 679 F.3d 957, 965–66 (7th Cir. 2012) (quoting Long v. Teachers' Retirement Sys. of Ill., 585 F.3d 344, 350 (7th Cir. 2009)). Here, the plaintiff's only evidence that his protected speech motivated his arrest is suspicious timing. The plaintiff alleges that Brandies arrested him "an hour or so" after the time that the plaintiff had asked an officer for his/her name and badge number, confronted Brandies at the impound lot and told Brandies that he would be contacting Brandies's supervisor. Dkt. No. 1 at 2–3. Construing the plaintiff's allegations liberally,

---

[1] While the Seventh Circuit never has directly held that asking for an officer's name and/or badge number is protected speech, the Eighth Circuit has held that criticizing a police officer and asking for his badge number is protected speech. Peterson v. Kopp, 754 F.3d 594, 602 (8th Cir. 2014), abrogated on other grounds, Nieves, 587 U.S. at 401–02.

this "suspicious timing" is enough to satisfy the causation element at the screening stage.

Additionally, a plaintiff bringing a First Amendment retaliation claim based on an arrest must plead an absence of probable cause. <u>Nieves</u>, 587 U.S. at 402 ("The plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest."). The plaintiff alleges that Brandies arrested him "without warning or lawful justification[.]" Dkt. No. 1 at 3. At the pleading stage, the plaintiff's allegation satisfies this requirement. The court will allow the plaintiff to proceed on a First Amendment retaliation claim against Brandies.

As to the Fourth Amendment, the plaintiff appears to be making a false arrest claim.

> To prevail on a Fourth Amendment claim for false arrest, [a plaintiff] must establish that [he] was arrested without probable cause. *Gaddis v. DeMattei*, 30 F.4th 625, 630 (7th Cir. 2022). "Probable cause for an arrest provides an absolute defense to a false arrest claim." *Id.* (citing *Farnik v. City of Chicago*, 1 F.4th 535, 545 (7th Cir. 2021)). And "[p]robable cause to justify an arrest exists if the totality of the facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 714 (7th Cir. 2013) (citations omitted). The inquiry is "purely objective," and "the officer's subjective state of mind and beliefs are irrelevant." *Id.* "Moreover, the court's inquiry is limited to what the officer knew at the time of the arrest and not what has been gained from hindsight. *Harney v. City of Chicago*, 702 F.3d 916, 922 (7th Cir. 2012) (citation omitted). This knowledge is assessed from the perspective of an objectively reasonable police officer. *Abbott*, 705 F.3d at 714 (citing *Maryland v. Pringle*, 540 U.S. 366, 371 . . . (2003)).

<u>Johnson v. Myers</u>, 53 F.4th 1063, 1068 (7th Cir. 2022). The plaintiff alleges that Brandies arrested him "without warning or lawful justification[.]" Dkt. No. at 3. At the pleading stage, this allegation is enough to plausibly show that

8

Brandies arrested the plaintiff without probable cause. The court will allow the plaintiff to proceed on a false arrest claim against Brandies.

The plaintiff also alleges that Brandies violated his Fourteenth Amendment rights. Dkt. No. 1 at 2. It is not clear which portion of the Fourteenth Amendment the plaintiff is alleging Brandies violated. The Equal Protection Clause of the amendment "protects individuals against intentional, arbitrary discrimination by government officials." Lauderdale v. Ill. Dep't of Human Servs., 876 F.3d 904, 909–10 (7th Cir. 2017) (quoting Hayden *ex rel.* A.H. v. Greensburg Cmty. Sch. Corp., 743 F.3d 569, 577 (7th Cir. 2014)). "To state a prima facie case under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that [he]: (1) is a member of a protected class; (2) is otherwise similarly situated to members of the unprotected class; (3) suffered an adverse . . . action; [and] (4) was treated differently from members of the unprotected class[.]" McPhaul v. Bd. of Comm'rs of Madison Cnty., 226 F.3d 558, 564 (7th Cir. 2000), overruled on other grounds by Hill v. Tangherlini, 724 F.3d 965, 967 n.1 (7th Cir. 2013)). The plaintiff has not alleged that he is a member of a protected class, he does not identify a comparator and he has not alleged that he was treated differently from any other person. The court will not allow the plaintiff to proceed on a Fourteenth Amendment equal protection claim.

The plaintiff could be alleging the defendant violated his rights under the Fourteenth Amendment Due Process Clause. There are two options with the Due Process Clause, procedural due process and substantive due process. "To demonstrate a violation of procedural due process rights guaranteed by the Fourteenth Amendment, a plaintiff must establish (1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state

9

action; and (3) the failure to employ constitutionally adequate procedures." Dietchweiler by Dietchweiler v. Lucas, 827 F.3d 622, 627 (7th Cir. 2016) (citing LaBella Winnetka, Inc. v. Village of Winnetka, 628 F.3d 937, 943–44 (7th Cir. 2010)). The plaintiff has not identified any procedural error that resulted in his arrest, or from it. The court will not allow him to proceed on a procedural due process claim.

Substantive due process is "violated by an infringement of a fundamental right through an abuse of government power that shock[s] the conscience." Hess v. Garcia, 72 F.4th 753, 765 (7th Cir. 2023) (citation modified) (quoting Collins v. City of Harker Heights, 503 U.S. 115, 126 (1992)). But the plaintiff cannot proceed on both a Fourth Amendment false arrest claim and a Fourteenth Amendment substantive due process claim based on the same conduct. See Brooks v. City of Chicago, 564 F.3d 830, 833 (7th Cir. 2009) ("A plaintiff cannot state a due process claim 'by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment'" quoting McCann v. Mangialardi, 337 F.3d 782, 786 (7th Cir. 2003)); see also A.G. v. City of Park Ridge, 198 F. Supp. 3d 856, 864 (N.D. Ill. 2016) ("where a plaintiff premises a Fourth Amendment claim and a substantive due process claim on the exact same conduct, generally speaking the due-process claim cannot go forward."); see also Graham v. Connor, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims."). The plaintiff cannot proceed on a Fourteenth Amendment claim.

10

The court will allow the plaintiff to proceed on a §1983 claim against Officer Brandies based on a violation of the First and Fourth Amendments.

**III.    Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants City of Racine Police Department and John Doe RPD.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendant Racine Police Officer Brandies, Badge Number 10501, under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendant Brandies to file a responsive pleading to the complaint.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the

11

Clerk of Court of any change of address. The court advises the plaintiff that it is *his responsibility* to promptly notify the court if his address changes. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 10th day of July, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

12